WHITAKER CONSTRUCTION CO., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitaker Constr. Co. v. Commissioner
Docket No. 14036-78.
United States Tax Court
T.C. Memo 1982-63; 1982 Tax Ct. Memo LEXIS 687; 43 T.C.M. (CCH) 493; T.C.M. (RIA) 82063; February 10, 1982. Keith W. Turpel, for the petitioner. F. Michael Kovach, Jr., for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined income tax deficiencies of $ 5,866.76 and $ 6,750.40 for the taxable years ended September 30, 1975, and September 30, 1976, respectively, for Whitaker Construction Co. (petitioner). The only issue for decision is whether petitioner was a component member of a brother-sister controlled group of corporations and thus required to share a single surtax exemption with its sister corporation. All of the facts have been stipulated. On October 1, 1974, and at all relevant times thereafter, W. Stanley Whitaker, Sr. (Whitaker), owned 100 percent of the stock of petitioner and approximately 52 per cent of Contractors Services, Inc. (Contractors). The remaining *689 48 percent of Contractors stock was held one-half by M. D. Whitaker (Whitaker's brother) and one-half by Ronald J. Betten until August 18, 1975, when M. D. Whitaker acquired Ronald J. Betten's shares and he held those shares until at least October 1, 1976. On its tax returns for the years in question, petitioner claimed full surtax exemptions. The Commissioner determined that petitioner was a component member of a brother-sister controlled group of corporations, as that term is defined in section 1563(a)(2), I.R.C. 1954, [1] and pursuant to his authority under section 1561(a), allocated to petitioner one-half of the single surtax exemption available to the controlled group. *690 Two tests must be satisfied before a corporation will be termed a component member of a brother-sister controlled group. Petitioner has not disputed, and we have no doubt, that the 50 percent identical-ownership test [2] is satisfied here because at all relevant times Whitaker owned at least 50 percent of both petitioner and Contractors.The issue arises in this case as to the 80 percent test of section 1563(a)(2)(A). Petitioner contends that, in determining whether a group of five or fewer persons owns at least 80 percent of the voting stock of the two corporations, only Whitaker's stock should be considered since he is the only person who owns stock in both corporations. [3] Under petitioner's approach, Whitaker's 52 percent interest in Contractors falls short of the 80 percent standard and thus no controlled group exists. The Government, relying on its reguation, [4] contends that the ownership interests of M. D. Whitaker and Ronald J. Betten are to be considered, even though they own no stock in petitioner. Accordingly, a controlled group would be established because not more than five persons would own 100 percent of both corporations. [5]
*691 The controlling issue in this case has been the subject to considerable litigation in a number of other cases in this Court, the district courts, various courts of appeals, and the Court of Claims. In view of the fact that a diversity of views was emerging in the courts in respect of this issue, it appeared likely that the matter would ultimately be authoritatively resolved by the Supreme Court. We accordingly refrained from deciding this case more promptly to await developments in the Supreme Court, and thus to relieve the parties of the burden of unnecessary further litigation in an appellate court pending final disposition in the Supreme Court. As anticipated, the issue was finally adjudicated by the Supreme Court, United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), and we have already followed that decision in B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982). Accordingly, Decision will be entered for the petitioner.
Footnotes
1. SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporation.--For purposes of this part, the term "controlled group of corporations" means any group of-- (2) Brother-Sister Controlled Group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation.↩
2. Sec. 1563(a)(2)(B), I.R.C. 1954↩. 3. There is no attribution of stock between brothers for purposes of determining whether two or more corporations are component members of a brother-sister controlled group under section 1563(a)(2). Sec. 1.1563-3, Income Tax Regs.↩
4. Sec. 1.1563-1(a)(3)(ii), Example 1, Income Tax Regs. ↩
5. In view of the fact that, both before and after the transfer of stock from Ronald J. Betten to M. D. Whitaker, there were not more than five shareholders, it is irrelevant that the transfer occurred during one of the taxable years in question -- a matter that could be of potential consequence if there were more than five stockholders before the transfer. See sec. 1563(b)(1)(A) and (b)(2)(A)↩.